IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IBAKEFOODS LLC,<br><br>*Plaintiff,*<br><br>-against-<br><br>GRANNY B'S COOKIES, LLC,<br><br>*Defendant.* | Civil Action No.:  2:21-cv-773 |

**COMPLAINT**

NOW, comes and files Plaintiff IBakeFoods LLC, by its attorneys Law Offices of Esther Engelson, P.C. and files the following Complaint, alleges as follows:

**NATURE OF THE ACTION**

1.  This action seeks to compel Granny B's Cookies LLC ("Granny B") to make payments in accordance with the promissory noted signed by Granny B, and an asset purchase agreement whereby it purchased substantially all the assets as well as the inventory from IBakeFoods LLC ("IBakeFoods"). On January 31, 2021, Granny B defaulted on the promissory note and has failed to make payments for the assets and inventory it purchased under the asset purchase agreement.

2.  The asset purchase price under the asset purchase agreement was to be paid after the closing, with Granny B signing a $500,000 promissory note. Granny B, however, took the assets and, despite earning millions in revenue, has refused to pay the purchase price. As of

January 31, 2021, Granny B has been in default on the promissory note. To date, the total due under the promissory note is at the very least $500,000, plus interest amounting to a total of $530,000. Granny B. has also failed to make payments for the additional inventory purchased under the asset purchase agreement, in which IBakeFoods sold two million dollars' worth of equipment for a total of $97,939.51.

3. Despite repeated demands for payment, Granny B did not pay for the assets and inventory it chose to buy, nor did Granny B ever return the items which are unpaid for.

4. Accordingly, IBakeFoods brings this action to recover the following: the purchase price under the asset purchase agreement; an additional 1.5% monthly interest rate on the defaulted promissory note; the inventory purchase price under the asset purchase agreement plus interest; and attorneys' fees.

## THE PARTIES

5. IBakeFoods LLC is a New York limited liability company with its factory and warehouse in Rimersburg, Pennsylvania.

6. Upon information and belief, Granny B's Cookies LLC is a Delaware limited liability company, with its office in Orem, Utah.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of a different state.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the judicial district in which it maintains its principal place of business.

## FACTS

9. IBakeFoods was in the business of producing and selling baked goods.

10. IBakeFoods and Granny B entered into an Asset Purchase Agreement (hereinafter "APA"), dated November 12, 2019, in which Granny B agreed to purchase IBakeFoods's assets, including customer accounts, physical equipment, and assembly lines for the followings schedule of payments: a payment of $300,000 at closing; a $500,000 payment due on January 31, 2021, an amount which was subject to change based on Granny B's annual sales and revenues; and the costs of inventory purchased aside from the assets bought under the APA. See Exhibit A, Asset Purchase Agreement.

11. The Asset Purchase Agreement was amended pursuant to the First Amendment to the Asset Purchase Agreement, dated December 5, 2019. See Exhibit B, the Amended Asset Purchase Agreement. The amendment outlined the calculations by which the total purchase price of $500,000 owed under the APA would be either reduced or increased based on Granny B's sales following the acquisition of IBakeFoods.

12. The parties closed on the APA on or about December 6, 2019 and a promissory note was signed thereafter, in the amount of $500,000, that was due no later than January 31, 2021, at which point it began to accrue interest 1.5% per month. See, Exhibit C, Promissory Note. As of January 31, 2021, Granny B has been in default as it has failed to make any payment towards the assets purchase price and the inventory purchase price, as per the agreement.

A.   **The Asset Purchase Price**

13. The post-closing portion of Asset Purchase Price was to be determined based on the annual revenue generated by IBakeFoods's customer accounts that were being purchased by Granny B (the "Company Customer Revenue"). On January 31, 2021, at the first anniversary (as defined in the APA), Granny B was required to make a payment, and then, depending on the revenue, another two future payments would be due on the second and third anniversary from closing.

14. Under the APA, the post-closing portion of the Asset Purchase Price is a maximum $1.7 million is and the minimum is $300,000. Granny B has paid neither.

15. The exact amounts due under the Asset Purchase Price are determined by a matrix listed in section 1.3 of the APA based on the Company Customer Revenue. Under the matrix, the minimum amount due by Granny B at the first anniversary was $500,000. However, the minimum $500,000 was subject to a sliding downward adjustment if the Company Customer Revenue was between $2 million and $3 million, but in no event was the amount due on the first anniversary less than $300,000.

16. In February of 2021, Granny B failed to provide the report of the Company Customer Revenue and failed to make the required payments, even though IBakeFoods made several demands for payment.

17. In fact, Jeff Logan, the President of Granny B, then said in a phone call that he understood that if the Company Customer Revenue were less than $2 million, Granny B would not have to make any payment at all.

18. Mr. Logan also sent a summary pdf report that claims that the Company Customer Revenue was *just* below $2 million ($1.987 million). Mr. Logan did not provide the backup for the Company Customer Revenue – nor has he explained how the final total coincided with what he thought was needed to avoid payment.

19. Mr. Logan subsequently admitted that even with this number just below $2 million, Granny B must still pay $300,000. But Granny B has still refused to make even the minimum payment required.

20. Upon information and belief, Granny B has also manipulated its financial results to circumvent post-closing obligations. As such, when Granny B's President, Jeff Logan, believed

(incorrectly) that Granny B would not have to make a purchase price payment if its revenue were below $2 million, he generated a revenue report that showed numbers that were somehow *just* below $2 million ($1.987 million). The self-serving figure of 1.987 million dollars in sales, just $13,000 below the two-million-dollar cutoff, would still work to Granny B's benefit, as a revenue report that showed figures below two million dollars, would reduce the purchase price.

21. Upon information and belief, based on the apparent manipulation of the figures and based on projected figures, the Company Customer Revenue presented by Granny B are fraudulent and the amount due based on the correct numbers is as high as $850,000 for the first anniversary.

B. **The Inventory Purchase Price**

22. The APA also provided for Granny B to purchase usable inventory at hand after a post-closing inventory list was prepared and approved by the parties with "at cost" pricing.

23. Based on the inventory list and Granny B's instructions on the inventory that it agreed to purchase, Granny B received all the inventory they agreed to purchase. However, Granny B is refusing to pay the Inventory Purchase Price – shifting from one pretext to another all to avoid honoring the APA.

24. Some excuses used by Granny B are the false claims that that it did not have to pay for the inventory because the inventory was damaged in shipping, that they were not requested; and/or unusable and expired. All these claims are refuted by the fact that Granny B's personnel arranged for its own shipping and had personally visited the warehouse and chose the inventory on its own.

25. Thus, to date, the amount due under the outstanding invoices for the inventory, is $97,939.51, in addition to interest and attorneys' fees which have accrued, pursuant to the default in payments

26.    IBakeFoods has tried to evade making any payments towards the inventory it had purchased even though it had purchased two million dollars' worth of inventory for the discounted sum of $97,939.51.   Instead, it claimed that the inventory was damaged, unusable, or expired. However, those claims are baseless as Granny B had sent its own employee to IBakeFoods's warehouse to choose the inventory and supervise the shipping that Granny B was doing on its own.

27.    Furthermore, Granny B has claimed that it cannot make payments towards the purchase price or the inventory because it has forwarded the funds to vendors.  However, Granny B does not have authority to do so.  As per the agreement, neither the asset price nor the purchase price rely on the condition that certain vendors are to be paid before the Seller.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – APA)**

28.    IBakeFoods repeats the allegations above as if fully set forth here.

29.    The APA is an enforceable agreement executed by both IBakeFoods and Granny B.

30.    IBakeFoods has performed its obligations under the APA.

31.    Granny B has breached the APA to pay IBakeFoods the Asset Purchase Price.

32.    Granny B has further breached the APA by failing to pay IBakeFoods the Inventory Purchase Price.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Promissory Note)**

33.    IBakeFoods repeats the allegations above as if fully set forth here.

34.    The Promissory Note is a valid, binding, and enforceable agreement executed by Granny B in favor of IBakeFoods.  Pursuant to the Promissory Note Granny B is liable for the full amount of $500,000 and for reasonable attorneys' fees for recovery under the Promissory Note.

6

35.    Granny B has breached the Promissory Note by failing to timely pay the amounts due under the Promissory Note.

36.    IBakeFoods has suffered at least $530,000 in damages, because of Granny B's breach of the Promissory Note, exclusive of interest and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, IBakeFoods respectfully requests that this Court enter judgment in its favor and against Granny B for breach of contract, awarding IBakeFoods damages in an amount to be determined at trial, but no less than $1,700,000 million plus attorneys' fees and costs, and 1.5% monthly compounded interest as agreed to in the APA and Promissory Note; and grant further relief as this Court deems just and proper.

Dated:  June 1, 2021
          Suffern, New York

                                            Law Office of Esther Engelson, P.C.

                                            *[signature: Esther Noe Engelson]*
                                            Esther Noe Engelson
                                            14 Rosewood Lane
                                            Suffern, New York 10901
                                            Tel: 347.403.3996
                                            Fax: 845.503.2234
                                            E-Mail: estherengelsonesq@gmail.com
                                            *Counsel for IBakeFoods LLC*